UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY BROWN,

               Plaintiff,

    v.                                  Case No. 13-13917
                                        HON. TERRENCE G. BERG

CAROLYN W. COLVIN,

               Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (DKT. 15) AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 17)**

      This is an action for judicial review of an adverse decision of the

Commissioner of Social Security brought pursuant to 42 U.S.C. § 405(g).  Plaintiff

Timothy Brown ("Plaintiff") seeks a reversal of the Commissioner's decision that he

is not disabled and therefore not eligible for a period of disability and disability

benefits under Title II of the Social Security Act, and supplemental security income

("SSI") under Title XVI of the Social Security Act.  Plaintiff contends that the

Administrative Law Judge ("ALJ"): (i) erred in concluding at step four of the

analysis that Plaintiff could return to his prior job as a fast food worker, and was

therefore not disabled, when that job never rose to the level of "substantial gainful

activity," and thus was not "past relevant work;" (ii) erred by not recognizing the

full impact of Plaintiff's mental impairments on his ability to work; and (iii) made

an improper credibility finding, that was not supported by substantial evidence.

This matter is before the Court on cross-motions for summary judgment. As discussed below, because substantial evidence does not support the ALJ's decision, Plaintiff's motion for summary judgment (Dkt. 15) is **GRANTED** and Defendant's motion for summary judgment (Dkt. 18) is **DENIED**, and this case is **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings.

## I. BACKGROUND

A lengthy recitation of the administrative record in this case is not necessary, as the Court is remanding this case for further consideration on purely procedural grounds. The ALJ resolved Plaintiff's claim at step four of the sequential analysis. In doing so, he found that Plaintiff was capable of performing his past relevant work as a fast food worker (Tr. 42). The evidence and applicable regulations, however, do not support the ALJ's determination that Plaintiff's employment as a fast food worker was past relevant work, as that work quite clearly never rose to the level of "substantial gainful activity" ("SGA").

Plaintiff worked as a fast-food worker between 2007 and 2010. The documents in the administrative record provide that Plaintiff's earnings during these years were never sufficient to be counted as "substantial gainful activity." [1] For example, Plaintiff earned $820 (total) in 2005 and one had to average $830 per

---

[1]  The Commissioner has established earnings guidelines that set out the amount of average monthly earnings that are sufficient to be considered substantial gainful activity. *See* 20 C.F.R. §§ 404.1574(B)(2)-(3), 416.974(B) (2)-(3). Under the Program Operations Manual System's ("POMS") Tables of SGA Guidelines and Effective Dates Based on Year of Work Activity, for 2005 the countable earnings would be presumptively considered "substantial" if the amount averaged more than $830 per month, for 2006 $860 per month, for 2007 $900 per month, for 2008 $940 per month, for 2009 $980 per month, and for 2010 $1,000 per month. *See* POMS DI 10501.015, Table 2. Available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015

month (~$9,960 per year) in 2005 for the work to be SGA; he earned $1,437 in 2006 and one had to average $860 per month (~$10,320 per year) in 2006 for the work to be SGA; he earned $8,939 in 2007 and one had to average $900 per month (~$10,800 per year) in 2007 for the work to be SGA; he earned $7,864 in 2008 and one had to average $940 per month (~$11,280 per year) in 2008 for the work to be SGA; he earned $6,341 in 2009 and one had to average $980 per month (~$11,760 per year) in 2009 for the work to be SGA; he earned $293 in 2010 and one had to average $1,000 per month (~$12,000 per year) in 2010 for the work to be SGA (Tr. 218-219). Plaintiff's only prior work that arguably rose to the level of SGA was in 2001, when he earned $16,000.52 as an industrial worker, when one had to average $740 per month (~$8,880 per year) to be SGA (Tr. 291). The ALJ found that Plaintiff could not return to his industrial work, but was only capable of going back to his fast food work (Tr. 42).

## II.   DISCUSSION

### A. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *See Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief

is not found during this administrative review process, the claimant may file an action in federal district court. *See Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. *See* 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen*, 800 F.2d at 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted).

4

The scope of this Court's review is limited to an examination of the record only. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. App'x. 521, 526 (6th Cir. 2006).

## B. Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. App'x. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq.*) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq.*). Title II benefits are available to qualifying wage earners who become disabled prior to the

5

expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  *See* F. Bloch, Federal Disability Law and Practice § 1.1 (1984).  While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that []he is precluded from performing [his] past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner.  *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).  At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion.  *See Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

**C. Analysis**

Plaintiff argues that the ALJ erred by finding Plaintiff could perform his past work, because his past work as a fast food worker never rose to the level of substantial gainful activity and therefore, it cannot be considered past relevant work.  The Court agrees.

At step four of the sequential analysis, a claimant will be found not disabled if he is capable of performing her past relevant work as it was actually performed or as it is generally performed in the national economy.  *See* 20 C.F.R. § 404.1560(b)(2); 20 C.F.R. § 416.960(b)(2).  The claimant bears the burden at step four of showing an inability to perform any past relevant work.  *See Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980).

Past relevant work is defined as "work that [a claimant has] done within the past 15 years, **that was substantial gainful activity**, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1) (emphasis added).  The social security regulations define substantial gainful activity as work that is both substantial and gainful.  *See* 20 C.F.R. §§ 404.1572, 416.972; *see also Skafica v. Sec'y of Health & Human Servs*., 918 F.2d 179 (6th Cir. 1990).  Substantial work activity is defined as work that involves "doing significant physical or mental activities."  20 C.F.R. §§ 404.1572(a), 416.972(a).  Gainful work is defined as "work activity that [the claimant does] for pay or profit." 20 C.F.R. §§ 404.1572(b), 416.972(a).  Generally, the fundamental consideration when evaluating

8

whether work constitutes substantial gainful activity is the amount of earnings derived from the work performed.  *See* 20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1).

The fact that a claimant's work was part-time does not alone indicate that it was not SGA.  Pursuant to the regulations, "[p]art-time work **that was substantial gainful activity**, performed within the last 15 years, and lasted long enough for the person to learn to do it constitutes past relevant work, and an individual who retains the RFC to perform such work must be found not disabled." SSR 96–8p n. 2, 1996 WL 374184, at *8 (emphasis added).  There is a rebuttable presumption that the employee was or was not engaged in substantial gainful activity if the employee's average monthly earnings are above or below a certain amount established by the Commissioner's earnings guidelines.  *See* 20 C.F.R. §§ 404.1574(B)(2)-(3), 416.974(B) (2)-(3).  Under the Program Operations Manual System's ("POMS") Tables of SGA Guidelines and Effective Dates Based on Year of Work Activity, for 2007 the countable earnings would be presumptively considered "substantial" if the amount averaged more than $900 per month, for 2008 $940 per month, for 2009 $980 per month, and for 2010 $1,000 per month.  *See* POMS DI 10501.015, Table 2.[2]

The Commissioner will consider that earnings show SGA if monthly earnings exceed those indicated in the chart and related regulations at sections 404.1574(b)(2) and 416.974(b)(2).  If earnings are below the amounts in sections 404.1574(b)(2) and 416.974(b)(2), the Commissioner "will generally consider" that the claimant has not engaged in SGA and "will generally not consider other

---

[2] Available at https://secure.ssa.gov/apps10/poms.nsf/lnx/0410501015

information in addition to [ ] earnings." §§ 404.1574(b)(3), 416.974(b)(3).  However,

the regulations list several exceptions to this generalization.  *See* §§

404.1574(b)(3)(ii), 416.974(b)(3)(ii).  Specifically, the Commissioner will customarily

consider information beyond earnings "if there is evidence indicating that you may

be engaging in substantial gainful activity or that you are in a position to control

when earnings are paid to you or the amount of wages paid to you."  *Id*.  The

regulations list two examples of other information the Commissioner may consider.

One is whether the work "is comparable to that of unimpaired people in [the]

community who are doing the same or similar occupations as their means of

livelihood, taking into account the time, energy, skill, and responsibility involved in

the work." §§ 404.1574(b)(3)(iii)(A), 416.974(b)(3)(iii)(A).  The other is whether the

claimant controls his or her own wages.  *See* §§ 404.1574(b)(3)(iii)(B),

416.974(b)(3)(iii)(B).  The regulations do not indicate that this is an exclusive list of

examples of other information the Commissioner will consider.

   In considering whether an ALJ has incorrectly classified "past relevant work"

as having risen to the level of SGA, several circuit courts have agreed that this error

warrants remand.  *See Sheppard v. Astrue*, 426 Fed. App'x. 608, 609–10 (10th Cir.

2011) (holding that an ALJ committed reversible legal error by failing to give a

claimant the benefit of a rebuttable presumption against SGA when his average

monthly earnings fell below the threshold regulatory levels); *Beeks v. Comm'r of

Soc. Sec.*, 363 Fed. App'x. 895, 897 (3rd Cir. 2010) ("[T]he ALJ failed to consider (or

mention) that [the claimant's] earnings ... were less than the average monthly

allowance for presumed substantial activity.... Because the ALJ failed to recognize this issue and consider it…we must vacate and remand"); *Copeland v. Colvin*, 771 F.3d 920, 925-26 (5th Cir. 2014) (substantial evidence did not support ALJ's conclusion to deny the claimant's application for disability at step four, where the ALJ failed to apply a rebuttable presumption against substantial gainful activity based on earnings below the regulatory threshold for SGA); *see also* Carolyn A. Kubitschek & Jon C. Dubin, Social Security Disability Law & Procedure in Federal Court § 3:6 (2014 ed.) ("[I]f the claimant earned less than the agency's prescribed amount, there is a presumption that he did not engage in substantial gainful activity"); Social Security Law and Practice: Showing Disability § 40:7 (2008) ("Earnings as an employee below the amount which creates a presumption of substantial gainful activity create a contrary presumption that a claimant did not engage in substantial gainful activity" (citations omitted)).  In published opinions, other circuits have recognized a presumption based on low earnings under the previous, but similarly worded, regulatory regime.  *See Rossello v. Astrue*, 529 F.3d 1181, 1186 (D.C. Cir. 2008) (concluding that earnings "below the $190 threshold [would] trigger[ ] a presumption that she did not engage in substantial gainful activity"); *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001) ("Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity. Monthly earnings averaging less than $300 generally show that a claimant has not engaged in substantial gainful activity"); *Garnett v. Sullivan*, 905 F.2d 778,

780 n. 1 (4th Cir. 1990) ("[I]f a claimant's earnings averaged less than $190 per month, a presumption arose that the claimant was not engaged in SGA").

The Court also contrasts this case to two other recent district court decisions, which found that incorrectly categorizing a claimant's former jobs as past relevant work – where the claimant's earning fell below SGA – was harmless error. In both of these cases, the district courts found that this error did not warrant a remand, but only where the ALJ also found that the claimant could perform other past relevant work that *did* constitute "substantial gainful activity." *See, e.g., Adams v. Colvin*, No. 1:12CV2338, 2013 WL 7020485, at *14 (N.D. Ohio Nov. 25, 2013) report and recommendation adopted in part, 2014 WL 185783 (N.D. Ohio Jan. 16, 2014) ("While the ALJ failed to provide adequate support for his step four finding that [the claimant's] newspaper delivery person job constituted substantial gainful activity for past relevant work, he set forth other past relevant work that met [the claimant's] RFC and [the claimant] failed to challenge or otherwise meet her burden of showing that she could not perform these jobs"); *Casey v. Astrue*, No. 2:08–CV–095, 2009 WL 613582, at *5 (E.D. Tenn. Mar. 9, 2009) (while ALJ's step four finding that the claimant could return to past relevant work as an office cleaner was error, error was harmless, "as substantial evidence support's [sic] the ALJ's alternate conclusion that [the claimant] could also return to her prior assembly work"). In this case, unlike in *Adams* and *Casey,* the ALJ explicitly found that Plaintiff could not perform his past work as an industrial worker/hand packager, and instead found that Plaintiff could only go back to working as a fast food worker (Tr. 42).

12

Thus, the ALJ's error in classifying Plaintiff's fast food worker job as "past relevant work" is not harmless in this case, because there was no other past relevant work that the ALJ found Plaintiff could do, that might have supported the ALJ's denial of benefits at step four.

The ALJ's opinion did not substantively discuss Plaintiff's earnings as a fast food worker, which – even the Commissioner appears to agree (Dkt. 17 at 9) – fell below the SGA thresholds set forth in §§ 404.1574(b)(2) and 416.974(b)(2).  In sum, consistent with other courts which have so held, the Court holds that a rebuttable presumption arises that past relevant work is not substantial gainful activity when the evidence shows that a disability claimant's earnings from that past relevant work are below the threshold set by the regulations.  On remand, the ALJ should consider whether the evidence shows that Plaintiff, despite his low earnings as a fast food worker, was in a position to be able to control his own work schedule and resulting wages, and if so, whether he was therefore able to engage in SGA during the relevant time periods.  But the ALJ's failure to address Plaintiff's earnings as a fast food worker, and apply a presumption that this work was not "substantial gainful activity," in this case is grounds for reversal.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (Dkt. 15) is **GRANTED**.  The Commissioner's Motion for Summary Judgment (Dkt. 17) is **DENIED**.  This matter is **REMANDED** for further proceedings consistent with this opinion.

**SO ORDERED.**


s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  March 31, 2015

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 31, 2015, using the CM/ECF system, which will send notification to each party.


By:  s/A. Chubb
Case Manager

14